## VAUGHN v WAYNE COUNTY CLERK

1. OFFICERS—CONSTITUTIONAL LAW—ELECTIONS—STATE REPRESENTA-
   TIVE—STATE SENATE—LEGISLATURE.

   A section of an article of the Michigan Constitution does not
   prevent an otherwise qualified incumbent State Representative
   from being a candidate to fill a vacancy in the State Senate; the
   bar of that section is applicable only when a person elected to
   the Legislature seeks to leave the Legislature during the term
   for which he is elected (Const 1963, art 4, § 9).

2. CONSTITUTIONAL LAW—ELECTIONS—APPOINTMENT—LEGISLATURE.

   The phrase in a section of an article of the Michigan Constitution
   that "[n]o person elected to the legislature shall receive any
   civil appointment" refers to "appointment" to a non-legislative
   office and is not a bar to mobility within the Legislature; in
   adopting the Constitution the people did not intend that mem-
   bers of a bicameral Legislature should be separated by a
   barrier which prevents movement between the two houses by
   popular election (Const 1963, art 4, § 9).

Appeal from Wayne, Joseph G. Rashid, J., and
from Court of Appeals prior to decision. Submitted
January 25, 1974. (No. 19 January Term 1974,
Docket No. 55,531.) Decided January 28, 1974.

Complaint by Jackie Vaughn III and Sol Plaf-
kin, individually and on behalf of a class of elec-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 16 Am Jur 2d, Constitutional Law §§ 231–233.
   25 Am Jur 2d, Elections §§ 1–3.
   Election within contemplation of constitutional or statutory provi-
     sions relating to filling vacancy in public office occurring before
     expiration of regular term, 132 ALR 572.

tors, against the Wayne County Clerk for mandamus to compel defendant to accept the application and filing fees of Vaughn and place his name on the primary ballot for the office of State Senator. Judgment for defendant. Plaintiffs appealed to the Court of Appeals and applied to the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. Writ issued.

*Sol Plafkin,* for plaintiffs.

*Aloysius J. Suchy,* Corporation Counsel, *George H. Cross,* Chief Assistant Corporation Counsel, and *Don W. Atkins,* Assistant Corporation Counsel, for defendant.

Amicus Curiae: *Foster, Lindemer, Swift & Collins, P. C.,* and *Tom Downs,* for Legislative Council.

J. W. FITZGERALD, J. The question presented to us for decision may be stated as:

Does the Michigan Constitution, 1963, art 4, § 9[1], prevent an otherwise qualified incumbent State Representative from being a candidate to fill a vacancy in the State Senate?

We conclude that it does not.

The office of State Senator is a part of the Legislature as is the office of State Representative. We read the bar of Const 1963, art 4, § 9 as being applicable only when a "person elected to the legislature" seeks to leave the Legislature during the term for which he is elected. We read "[n]o person elected to the legislature shall receive any civil appointment" as referring to "appointment"

---

[1] "Sec. 9. No person elected to the legislature shall receive any civil appointment within this state from the governor, except notaries public, from the legislature, or from any other state authority, during the term for which he is elected."

to a non-legislative office and not as a bar to mobility within the Legislature.

We are persuaded that in adopting the Constitution the people did not intend that members of a bicameral Legislature should be separated by a barrier which prevents movement between the two houses by popular election.

Writ of mandamus shall issue as prayed and the Clerk of this Court is directed to issue final process pursuant to GCR 1963, 866 forthwith.

No costs, a public question.

T. G. KAVANAGH, SWAINSON, WILLIAMS, and LEVIN, JJ., concurred with J. W. FITZGERALD, J.

T. M. KAVANAGH, C. J., concurred in the result only.

M. S. COLEMAN, J., did not sit in this case.